IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


TYRONE WIGGINS,
    Petitioner,

vs.                                    Case No.:  4:04cv362/MMP/EMT

JAMES R. McDONOUGH,[1]
    Respondent.
_____/

**ORDER, REPORT AND RECOMMENDATION**

       Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1).  Respondent filed an answer and motion to dismiss the petition as untimely and for failure to exhaust state court remedies (Doc. 8).  Petitioner filed a response (Doc. 12).  This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b).  After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter.  It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to federal habeas relief.

I.     BACKGROUND

       On July 22, 1998, Petitioner pleaded no contest, pursuant to a plea agreement, to one count of robbery (Doc. 10, Ex. A1 at 9-10, Ex. A2 at 1-7).  The plea agreement provided that Petitioner's sentence would be at the discretion of the sentencing judge (Doc. 10, Ex. A1 at 9-10).  On August 6, 1998, Petitioner was convicted in the Circuit Court in and for Gadsden County, Florida, of one count of robbery (Doc. 10, Ex. A1 at 11-16, Ex. A2 at 8-31).  He was sentenced as a habitual felony

---

[1] James R. McDonough succeeded James Crosby as Secretary for the Department of Corrections, and is automatically substituted as Respondent.  *See* Fed. R. Civ. P. 25(d)(1).

offender to fifteen (15) years of incarceration followed by five (5) years of probation (*id*.). Petitioner appealed his conviction and sentence to the Florida First District Court of Appeals (First DCA) (Doc. 1 at 2; Doc. 10, Ex. A3). Petitioner's appellate counsel filed an "Anders"[2] brief, asserting that there were no justiciable issues to be reviewed (Doc. 10, Ex. A6). The First DCA dismissed the appeal on July 29, 1999, citing to Robinson v. State, 373 So.2d 898 (Fla. 1979) (Doc. 10, Ex. A8). Wiggins v. State, 737 So.2d 635 (Fla. 1st DCA July 29,1999).

In August, 1998, while his direct appeal was pending, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Doc. 10, Ex. A4 at 35-42). Petitioner voluntarily dismissed the motion that same month (Doc. 10, Ex. A5).

On October 4, 1999, Petitioner filed a second Rule 3.850 motion raising the following grounds:

> Ground one: Fundamentally defective information which does not allege all of the essential elements of the crime charged in violation of the 5th and 14 Amendment[s] of the United States Constitution.
>
> Ground two: Counsel was ineffective when he failed and/or refused to raise voluntary intoxication as a defense to the specific intent crime of robbery in violation of the defendant's rights under the Sixth and Fourteenth Amendment to the United States Constitution.

(Doc. 10, Ex. B1). The trial court denied the motion on May 12, 2000 (Doc. 10, Ex. B4). On May 15, 2000, three days after the court's denial of the motion, Petitioner filed a motion to voluntarily dismiss his post-conviction motion (Doc. 10, Ex. B5). Petitioner did not appeal the trial court's decision.

On July 18, 2000, Petitioner filed a third Rule 3.850 motion (Doc. 10, Ex. C1) asserting the following claims:

> Ground one: Defendant was sentenced as a HFO, used concurrently imposed [sic] on the same day prior convictions. Habitual offender sentence in this case could not be based on prior convictions, sequential convictions are required to support Habitual Offender Status; Defendant has no violent criminal history to support H.V.O. sentencing enhancement.

---

[2] Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

Case No.: 4:04cv362/MMP/EMT

> Ground two: Ineffective assistance of counsel. Counsel failed to make the Information available to Defendant.

(Doc. 10, Ex. C1). The trial court denied the motion as successive on March 26, 2002 (Doc. 10, Ex. C2).

On January 17, 2001, Petitioner filed a motion to correct illegal sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure (Doc. 10, Exs. D1, D2). Petitioner claimed that his sentence was illegal because the written plea stated that the sentence was at the court's discretion and did not include an agreement that Petitioner may receive an enhanced sentence due to his habitual felony offender status (Doc. 10, Ex. D1). Petitioner expressly stated that his motion did not challenge the voluntariness of his plea; rather, it challenged the sentence on the ground that it exceeded the sentence provided in the plea agreement, and the sentence of 15 years of incarceration and 5 years of probation exceeded the statutory maximum sentence of 15 years (*id*. at 2-8). The trial court denied the motion on May 26, 2002 (Doc. 10, Ex. D3). Petitioner appealed the decision to the First DCA, (Doc. 10, Ex. D4). The First DCA affirmed the decision per curiam without opinion on December 13, 2002, with the mandate issuing January 8, 2003 (Doc. 10, Ex. D9). Wiggins v. State, 835 So.2d 1117 (Fla. 1st DCA Dec. 13, 2002) (Table).

On February 26, 2003, Petitioner filed a petition for writ of habeas corpus with the trial court challenging his enhanced sentence on the ground that the sentencing court failed to require the state to compare Petitioner's fingerprints with the fingerprints on the certified copies of his prior convictions, and the court failed to make specific written findings that demonstrated how and why the sentence enhancement was necessary for the protection of the public (Doc. 10, Ex. E1). The trial court denied the petition on March 5, 2003 (Doc. 10, Ex. E2). Petitioner appealed the decision to the First DCA (Doc. 10, Ex. E3). The First DCA affirmed the decision per curiam without opinion on July 22, 2004, with the mandate issuing August 17, 2004 (Doc. 10, Ex. E6). Wiggins v. State, 879 So.2d 631 (Fla. 1st DCA July 22, 2004) (Table).

Petitioner filed the instant habeas action on August 31, 2004 (*see* Doc. 1 at 6). He challenges his conviction on the following grounds:

> Ground one: The state court imposed a sentence that exceeded the statutory maximum and violated the Double Jeopardy Clause.

> Ground two: The sentence imposed by the state court rendered Petitioner's plea involuntary.

(Doc. 1 at 4).

II.     TIMELINESS

Respondent contends the petition should be dismissed as untimely. Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one year period of limitation applies to the filing of habeas petitions by person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

In the instant case, Petitioner does not assert that he was prevented from filing the instant federal petition by a State-created impediment, that his claims are based on a constitutional right that has been newly recognized by the Supreme Court, or that his claims are based on facts which could not have discovered prior to when his conviction became final, therefore, the appropriate statutory trigger is section 2244(d)(1)(A), the date his conviction became final.

Petitioner's conviction became "final" for purposes of § 2244 when the ninety-day period in which to seek certiorari from the United States Supreme Court expired. <u>Bond v. Moore</u>, 309 F.3d 770 (11th Cir. 2002) (for purposes of § 2244(d)(1)(A), the one-year limitations period began to run when the time expired for filing a petition for certiorari with the United States Supreme Court); <u>Jackson v. Secretary for the Dep't of Corrections</u>, 292 F.3d 1347, 1349 (11th Cir. 2002). Because

the date of the First DCA's decision dismissing Petitioner's appeal was July 29, 1999, Petitioner's judgment of conviction became "final" for purposes of § 2244 on October 28, 1999.

This court must next address whether the limitations period was tolled pursuant to statutory or equitable tolling principles. Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The United States Supreme Court held that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361, 364, 148 L. Ed. 2d 213 (2000). State laws and rules "usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id.* (citations omitted).

The Supreme Court recently held that time limits are filing conditions. Pace v. DiGuglielmo, 544 U.S. 408, 414, 417, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005). Thus a post-conviction application that is untimely under state law does not qualify for statutory tolling. *Id.*; *see also* Webster v. Moore, 199 F.3d 1256, 1258-59 (11th Cir. 2000). Similarly, a state petition that does not comply with a state rule requiring a written oath is not "properly filed." Hurley v. Moore, 233 F.3d 1295 (11th Cir. 2000). Although Hurley preceded Bennett, its validity was not affected by it. *See* Drew v. Dep't of Corrections, 297 F.3d 1278, 1285 (11th Cir. 2002).

The Eleventh Circuit recently considered another instance in which a motion is not properly filed -- "when a motion is filed in a court that lacks jurisdiction to hear it." Estes v. Chapman, 382 F.3d 1237, 1239 (11th Cir. 2004). The Estes court noted that Bennett had left that possibility open, albeit in dicta: "If, for example, an application is erroneously accepted by the clerk of a court lacking jurisdiction . . . it will be pending, but not properly filed." Estes, 382 F.3d at 1239 (quoting Bennett, 531 U.S. at 9). The Estes court concluded that, contrary to the state's argument, the Georgia Supreme Court, where Mr. Estes' application was filed, had jurisdiction, so the limitation period was tolled. Nevertheless, it appears to be settled that if a petitioner's post-conviction filing is filed in a court that lacks subject matter jurisdiction, the limitations period would not be tolled.

On the other hand, a state court's determination that an application for post-conviction relief is subject to a state procedural bar does not render the application "improperly filed," since "[o]nly individual claims, and not the application containing those claims, can be procedurally defaulted under state law . . ." Bennett, 531 U.S. at 8. Additionally, a state post-conviction challenge dismissed because it was brought pursuant to the "wrong statutory vehicle" was "properly filed" within the meaning of § 2244(d)(2). Delancy v. Fla. Dep't of Corrections, 246 F.3d 1328 (11th Cir. 2001). In Delancy, the Eleventh Circuit applied Bennett in holding that Mr. Delancy had filed a post-conviction challenge to his consecutive sentences with the state trial court, pursuant to Florida Rule of Criminal Procedure 3.800, but the state court dismissed the motion on the ground that the claims raised therein should have been brought in a Rule 3.850 motion filed in the same state court. *Id.* at 1330. The Eleventh Circuit, following the reasoning of Bennett, distinguished the question "whether an application has been 'properly filed' . . . from the question whether the claims contained in the application are meritorious and free of procedural bar." *Id.* The court determined that the district court erred in "looking beyond the face of Delancy's Rule 3.800 motion to consider the individual claims (i.e., whether they are challenges to consecutive sentences or to illegal sentences)," and concluded that the Rule 3.800 motion was "properly filed" because it, "on its face, met state procedural and filing requirements." *Id.* at 1330-31.

Finally, a state post-conviction motion that was denied as successive was "properly filed" for AEDPA tolling purposes. Weekley v. Moore, 244 F.3d 874 (11th Cir. 2001).

In the instant case, the state court record conclusively establishes that Petitioner's second Rule 3.850 motion was filed just before his conviction became final.[3] That motion was pending until May 12, 2000, upon the trial court's denial of the motion and Petitioner's failure to appeal the decision. The limitations period ran for sixty-six (66) days until July 18, 2000, when Petitioner filed his third Rule 3.850 motion. While that motion was pending, Petitioner filed his Rule 3.800(a)

---

[3]Petitioner's first Rule 3.850 motion was filed and voluntarily dismissed prior to the date his conviction became final; therefore, it did not affect the federal limitations period.

Case No.: 4:04cv362/MMP/EMT

motion, which was pending until January 8, 2003, the date of issuance of the appellate court's mandate affirming the trial court; therefore, the limitations period recommenced on that date.[4]

The decisive issue is whether Petitioner's state habeas petition, filed on February 26, 2003, tolled the federal limitations period; if the state petition is deemed to have been properly filed, then the instant petition was timely; if the state petition was not properly filed, the federal petition was not timely. Respondent acknowledges that Petitioner filed a state habeas petition on February 26, 2003; however, Respondent contends that the petition was not properly filed because it was not authorized under Florida law and was filed in the wrong jurisdiction. Florida law vests the state supreme court, district courts of appeal, and circuit courts with concurrent original jurisdiction to issue writs of habeas corpus. Fla. Const. art. V, §§ 3(b)(9), 4(b)(3), 5(b); Fla. Stat. § 79.01; Fla. R. App. P. 9.030. Florida law further provides:

> Before a circuit judge the petition and the papers shall be filed with the clerk of the circuit court of the county in which the prisoner is detained. Before the other courts, justices or judges, the papers shall be filed with the clerk of the court on which the justice or judge sits.

Fla. Stat. § 79.09. As Respondent points out, Petitioner did not follow the state law filing requirements, as he failed to deliver his petition to the location prescribed by statute. The statute prescribes that a habeas petition filed in the circuit court shall be filed in the circuit court of the county in which Petitioner was detained, which in this case was Gulf County (*see* Doc. 10, Ex. E1). However, Petitioner filed his petition in Gadsden County, the county of his conviction and sentence (*id.*). Therefore, it does not appear that the Gadsden County court had jurisdiction to grant the relief sought in the petition, thereby rendering the petition improperly filed under § 2244(d)(2). *See* Colbert v. Head, 146 Fed. Appx. 340, 344 (11th Cir. 2005). However, this court notes that the Gadsden County court did not dismiss Petitioner's state habeas petition for lack of jurisdiction; rather, it "denied" the "Motion" (*see* Doc. 10, Ex. E2). This language suggests that the trial court construed the habeas petition as a Rule 3.850 motion, which the Gadsden County court had jurisdiction to consider, and denied the motion on the merits. This court need not decipher the state

---

[4]The proceeding on Petitioner's third Rule 3.850 motion concluded while Petitioner's Rule 3.800(a) motion was still pending.

Case No.: 4:04cv362/MMP/EMT

court's meaning, because even if the instant petition was timely filed, Petitioner is not entitled to relief, as his first claim is without merit, and his second claim is unexhausted and procedurally barred.

III.     PETITIONER'S CLAIMS

    A.     Sentence Exceeded Statutory Maximum and Violated Double Jeopardy Clause

Petitioner first claims that his sentence of fifteen (15) years of incarceration followed by five (5) years of probation exceeded the statutory maximum sentence of fifteen (15) years for a second degree felony as set forth in Florida Statutes section 812.13(2)(c). Additionally, Petitioner argues that imposition of the term of incarceration and the term of probation constituted multiple punishments for the same crime in violation of the Double Jeopardy Clause.

Petitioner's claim that his sentence exceeded the state statutory maximum is without merit. Florida law provides that simple robbery is a second degree felony punishable as provided in Florida Statutes sections 775.082, 775.083, or 775.084. Fla. Stat. § 812.13(2)(c). Section 775.082 provides that a person who has been convicted of a second degree felony may be punished by a term of imprisonment not exceeding 15 years. Fla. Stat. § 775.082(3)(c). Section 775.084 provides, in relevant part:

> (1) As used in this act:
>
> (a) "Habitual felony offender" means a defendant for whom the court may impose an extended term of imprisonment, as provided in paragraph (4)(a), if it finds that:
>
> 1. The defendant has previously been convicted of any combination of two or more felonies in this state or other qualified offenses.
>
> 2. The felony for which the defendant is to be sentenced was committed:
>
> a. While the defendant was serving a prison sentence or other sentence, or court-ordered or lawfully imposed supervision that is imposed as a result of a prior conviction for a felony or other qualified offense; or
>
> b. Within 5 years of the date of the conviction of the defendant's last prior felony or other qualified offense, or within 5 years of the defendant's release from a prison sentence, probation, community control, control release, conditional release, parole or court-ordered or lawfully imposed supervision or other sentence that is imposed

as a result of a prior conviction for a felony or other qualified offense, whichever is later.

3. The felony for which the defendant is to be sentenced, and one of the two prior felony convictions, is not a violation of s. 893.13 relating to the purchase or the possession of a controlled substance.

4. The defendant has not received a pardon for any felony or other qualified offense that is necessary for the operation of this paragraph.

5. A conviction of a felony or other qualified offense necessary to the operation of this paragraph has not been set aside in any postconviction proceeding.
. . . .
(4)(a) The court, in conformity with the procedure established in paragraph (3)(a), may sentence the habitual felony offender as follows:
. . . .
2. In the case of a felony of the second degree, for a term of years not exceeding 30.

Fla. Stat. § 775.084.

The record conclusively establishes that more than two months prior to the date of Petitioner's entry of his plea, the State filed a Notice of Intent to Seek Enhanced Penalty under section 775.084, citing a previous conviction for robbery on April 4, 1995, less than five years prior to commission of the robbery for which Petitioner was convicted in the instant case (*see* Doc. 10, Ex. A1 at 4-5). The possibility of an enhanced sentence was mentioned at the plea hearing (*see* Doc. 10, Ex. A2 at 6). At sentencing, Petitioner did not contest his counsel's representation that he and Petitioner reviewed certified copies of two prior convictions, one conviction for robbery and the other for aggravated assault, which were within five years of the commission of the robbery in the instant case (*see id.* at 8-10). The sentencing court found that Petitioner had been convicted in Florida of two qualifying felonies, one being aggravated assault and the other being robbery, and that the felony for which he was being sentenced was committed within five years of his last prior felony; that neither the prior felonies nor the instant felony were violations of Florida Statutes section 893.13 relating to the purchase or possession of controlled substances; that Petitioner had not received a pardon for any of the prior felonies, nor had any of the prior convictions been set aside by post-conviction proceedings; and that the public needed to be protected from the "continued activities and actions" of Petitioner (*id.* at 29). Based upon these findings, the sentencing court

determined that Petitioner qualified as an habitual felony offender and sentenced him as such. As previously noted, Florida law provides that a habitual felony offender may receive an enhanced sentence of thirty (30) years for a second degree felony. In instant case, Petitioner was sentenced to fifteen (15) years of incarceration followed by five (5) years of probation. Because Petitioner has failed to show that his sentence exceeded the maximum provided by state law, he is not entitled to federal habeas relief on this claim.

Petitioner's claim that his sentence to a term of imprisonment followed by a term of probation, constituted multiple punishments for the same offense in violation of the Double Jeopardy Clause is likewise without merit. A "probationary split sentence," meaning a sentence including a term of incarceration followed by a term of probation, is an authorized punishment for Petitioner's offense under state law. *See* Glass v. State, 574 So.2d 1099, 1101 (Fla. 1991). Therefore, Petitioner's claim that a double jeopardy violation resulted from the imposition of a probationary split sentence is without merit.

Furthermore, to the extent Petitioner contends that use of his prior convictions to enhance his sentence violated the Double Jeopardy Clause, this argument has been squarely rejected by the Supreme Court and the Eleventh Circuit. The Supreme Court noted in Parke v. Raley, 506 U.S. 20, 113 S. Ct. 517, 121 L. Ed. 2d 391 (1992), that recidivism statutes have repeatedly been upheld "'against contentions that they violate constitutional strictures dealing with double jeopardy, ex post facto laws, cruel and unusual punishment, due process, equal protection, and privileges and immunities.'" 506 U.S. at 27 (quoting Spencer v. Texas, 385 U.S. 554, 560, 87 S. Ct. 648, 651, 17 L. Ed. 2d 606 (1967) and cites contained therein). Recidivist statutes have passed double jeopardy scrutiny because they work on the theory that "the increased punishment does not represent punishment for the earlier crimes, but rather the fact of the earlier crimes aggravates the commission of the latest crime warranting imposition of the longer sentence." United States v. Pleasant, 730 F.2d 657, 662 (11th Cir. 1984) (citing United States v. Bowdach, 561 F.2d 1160, 1176 (5th Cir. 1988)); *see also* Witte v. United States, 515 U.S. 389, 400, 115 S. Ct. 2199, 132 L. Ed. 2d 351 (1995) ("In repeatedly upholding such recidivism statutes, we have rejected double jeopardy challenges because the enhanced punishment imposed for the later offense . . . [is] 'a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive

one.'") (quoting Gryger v. Burke, 334 U.S. 728, 732, 68 S. Ct. 1256, 92 L. Ed. 1683 (1948))). Therefore, Petitioner is not entitled to relief on his double jeopardy claim.

B.      Sentence Imposed by State Court Rendered Plea Involuntary

Petitioner next argues that his plea was based upon his understanding that sentencing was at the discretion of the trial court, but that his sentence would not exceed fifteen (15) years of incarceration. He asserts that the sentence imposed by the court exceeded fifteen years, thereby rendering his plea involuntary. In his supporting memorandum, Petitioner additionally asserts that before accepting his plea, the trial court failed to confirm that he was aware of the possibility and consequences of habitualization. Petitioner states that he expected to receive a sentence within the 15-year maximum for a second degree felony.

Respondent raises an exhaustion defense. He contends that Petitioner did not challenge the voluntariness of his plea in his direct appeal or any of his post-conviction applications. Furthermore, Petitioner is procedurally barred from now raising this challenge in the state courts. Therefore, his claim is not subject to review by this court.

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[5] thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888, 130 L. Ed. 2d 865 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. Duncan, 513 U.S.

---

[5]Section 2254 provides, in pertinent part:

(b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
   (A) the applicant has exhausted the remedies available in the courts of the State; or
   (B) (i) there is an absence of available State corrective process; or
     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Case No.: 4:04cv362/MMP/EMT

at 365-66; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); Picard, 404 U.S. at 277-78.

The Supreme Court has offered the following guidance for determining whether a habeas petitioner has met the "fair presentation" requirement. In Picard v. Connor, the Court held that, for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief. 404 U.S. at 277. In announcing that "the substance of a federal habeas corpus claim must first be presented to the state courts," *id.*, 404 U.S. at 278, the Court rejected the contention that the petitioner satisfied the exhaustion requirement by presenting the state courts only with the facts necessary to state a claim for relief.

Additionally, the Court has indicated that it is insufficient to make a general appeal to a constitutional guarantee as broad as due process to present the "substance" of such a claim to a state court. In Anderson v. Harless, 459 U.S. 4, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982), the habeas petitioner was granted relief on the ground that a jury instruction violated due process because it obviated the requirement that the prosecutor prove all the elements of the crime beyond a reasonable doubt. *Id.* 459 U.S. at 7 (citing Sandstrom v. Montana, 442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979)). The only manner in which the habeas petitioner cited federal authority was by referring to a state court decision in which "the defendant . . . asserted a broad federal due process right to jury instructions that properly explain state law." Anderson, 459 U.S. at 7 (internal quotation marks omitted). The Court expressed doubt that a defendant's citation to a state-court decision predicated solely on state law was sufficient to fairly apprise a reviewing court of a potential federal claim merely because the defendant in the cited case advanced a federal claim. *Id.*, 459 U.S. at 7 and n.3. Furthermore, the Court clarified that such a citation was obviously insufficient when the record satisfied the federal habeas court that the federal claim asserted in the cited case was not the same as the federal claim on which federal habeas relief was sought. *Id.*

Years later, the Supreme Court readdressed the "fair presentation" requirement in Duncan v. Henry, 513 U.S. 364. The Duncan Court strictly construed the exhaustion requirement so as to mandate that, if state and federal constitutional law overlap in their applicability to a petitioner's claim, the petitioner must raise his issue in terms of the applicable federal right in state court in order

to obtain federal review of the issue.[6] The Supreme Court explained, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal, but in state court." Duncan, 513 U.S. at 365-66. Recently, the Supreme Court again focused upon the requirement of "fair presentation," holding that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." Baldwin v. Reese, 541 U.S. 27, 124 S. Ct. 1347, 1351, 158 L. Ed. 2d 64 (2004). The Baldwin Court commented that "a litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Id. With regard to this statement, the Eleventh Circuit stated in McNair v. Campbell, 416 F.3d 1291, 1302-03 (11th Cir. 2005):

> If read in a vacuum, this dicta might be thought to create a low floor indeed for petitioners seeking to establish exhaustion. However, we agree with the district court that this language must be "applied with common sense and in light of the purpose underlying the exhaustion requirement[:] 'to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'"McNair [v. Campbell], 315 F. Supp. 2d at 1184 (quoting Vasquez v. Hillery, 474 U.S. 254, 257, 106 S. Ct. 617, 620, 88 L. Ed. 2d 598 (1986)). This is consistent with settled law established by the Supreme Court. . . . We therefore hold that "'[t]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'" (Cite omitted).[7]

---

[6]The petitioner in Duncan raised a federal due process claim in his habeas petition, but had raised only a state constitutional claim in his state appeal. Presented with a state constitutional claim, the state court applied state law in resolving the appeal.

[7]In his initial brief before the Court of Criminal Appeals, the petitioner cited one federal case in a string citation containing other state cases, and in a closing paragraph in his argument that extraneous materials were considered by the jury during deliberations, stated that there was a violation of his rights "protected by the Fifth, Sixth, Eighth[,] and Fourteenth Amendments to the United States Constitution, the Alabama Constitution[,] and Alabama law." McNair v. Campbell, 416 F.3d 1291, 1303 (11th Cir. 2005). The court found that these references to federal law were not sufficient to meet the fair presentment requirement and noted that it was important that the petitioner had never mentioned the federal standards regarding extraneous materials in his brief, but relied on state law for his arguments. Id.

Case No.: 4:04cv362/MMP/EMT

An issue that was not properly presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, i.e., procedurally barred from federal review. O'Sullivan, 526 U.S. at 839-40, 848; Bailey v. Nagle, 172 F.3d 1299, 1302-03 (11th Cir. 1999). This court will also consider a claim procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default. *See* Coleman v. Thompson, 501 U.S. 722, 734-35 and n.1, 111 S. Ct. 2546, 2555 and n.1, 115 L. Ed. 2d 640 (1991); Caniff v. Moore, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); Chambers v. Thompson, 150 F.3d 1324, 1326-27 (11th Cir. 1998) (applicable state procedural bar should be enforced by federal court even as to a claim which has never been presented to a state court); *accord* Tower v. Phillips, 7 F.3d 206, 210 (11th Cir. 1993); Parker v. Dugger, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L. Ed. 2d 812 (1991). In the first instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. Bailey, 172 F.3d at 1303. In the second instance, a federal court must determine whether the last state court rendering judgment clearly and expressly stated its judgment rested on a procedural bar. *Id.* A federal court is not required to honor a state's procedural default ruling unless that ruling rests on adequate state grounds independent of the federal question. *See* Harris v. Reed, 489 U.S. 255, 109 S. Ct. 1038, 1043, 103 L. Ed. 2d 308 (1989). The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question. Lee v. Kemna, 534 U.S. 362, 122 S. Ct. 877, 885, 151 L. Ed. 2d 820 (2002). The Eleventh Circuit has set forth a three-part test to determine whether a state court's procedural ruling constitutes an independent and adequate state rule of decision. Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001). First, the last state court rendering judgment must clearly and expressly state it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim. Second, the state court's decision must rest entirely on state law grounds and not be intertwined with an interpretation of federal law. Third, the state procedural rule must be adequate. *Id.* The adequacy requirement has been interpreted to mean the rule must be firmly established and regularly followed, that is, not applied in an arbitrary or unprecedented fashion. *Id.*

To overcome a procedural default, the petitioner must show cause and prejudice or a fundamental miscarriage of justice in order for the federal habeas court to reach the merits of a claim. Tower, 7 F.3d at 210; Parker, 876 F.2d 1470. "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." McCleskey v. Zant, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L. Ed. 2d 397 (1986)). Lack of counsel or ignorance of available procedures is not enough to establish cause. Tower, 7 F.3d at 210. To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." Schlup, 513 U.S. at 327. Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.

*Id.*

Upon review of the record, this court concludes that Petitioner did not exhaust the issue of the voluntariness of his plea in the state courts. The only post-conviction applications that Petitioner pursued through the appellate process were his Rule 3.800(a) motion and his state habeas petition. However, Petitioner did not challenge the voluntariness of his plea in either of those proceedings. In his Rule 3.800(a) motion Petitioner claimed that his sentence was illegal because the written plea stated that the sentence was at the court's discretion and did not include an agreement that Petitioner may receive an enhanced sentence due to his habitual felony offender status. Petitioner expressly stated that he was not challenging the voluntariness of his plea rather, he was challenging his sentence on the ground that it exceeded the 15-year maximum provided in the plea agreement and state law (*see* Doc. 10, Ex. D-1 at 5-9). In his state habeas petition, Petitioner challenged the sentence enhancement on the grounds that the sentencing court failed to require the state to compare

Petitioner's fingerprints with the fingerprints on the certified copies of his prior convictions, and the court failed to make specific written findings that demonstrated how and why the sentence enhancement was necessary for the protection of the public; however, Petitioner did not challenge the voluntariness of his plea.

Furthermore, Petitioner is now procedurally barred from challenging his plea in the state courts as his claim is properly raised in a Rule 3.850 motion, however, a fourth Rule 3.850 motion would be dismissed as successive.  *See* Rule 3.850(a)(5), (f).  Moreover, Petitioner has failed to show cause for his failure to challenge the voluntariness of his plea in the state courts, or that this court's failure to review the claim would result in a fundamental miscarriage of justice.  Therefore, he is not entitled to federal habeas review of his claim.

Accordingly, it is **ORDERED**:

The clerk of court is directed to change the docket to reflect that James R. McDonough is substituted for James V. Crosby as Respondent.

And it is respectfully **RECOMMENDED** that:

The petition for writ of habeas corpus (Doc. 1) be **DENIED**.

At Pensacola, Florida this 24th day of August 2006.

> /s/ *Elizabeth M. Timothy*
> **ELIZABETH M. TIMOTHY**
> **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control**.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).