IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TYRONE WIGGINS,

    Petitioner,

v.                                                                          CASE NO. 4:04-cv-00362-MP-EMT

JAMES CROSBY, JR,
JAMES R MCDONOUGH,

    Respondents.

_____/

# **O R D E R**

This matter is before the Court on Doc. 18, the Report and Recommendation of the Magistrate Judge, recommending that Mr. Wiggins' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be denied. Mr. Wiggins filed objections, doc. 19, which merely indicate that Mr. Wiggins objects, without adding additional argument. The Court agrees with the Magistrate Judge in rejecting Petitioner's claim that his sentence of fifteen (15) years of incarceration followed by five (5) years of probation exceeded the statutory maximum sentence of fifteen (15) years for a second degree felony as set forth in Florida Statutes section 812.13(2)(c). As the Magistrate Judge stated, because of prior convictions, the Petitioner was subject to a 30-year maximum. Petitioner received ample notice of this potential enhancement.

Further, the Court rejects Petitioner's claim that his sentence to a term of imprisonment followed by a term of probation, constituted multiple punishments for the same offense in violation of the Double Jeopardy Clause is likewise without merit. A "probationary split sentence," meaning a sentence including a term of incarceration followed by a term of probation, is an authorized punishment for Petitioner's offense under state law. See Glass v. State, 574

So.2d 1099, 1101 (Fla. 1991). Therefore, Petitioner's claim that a double jeopardy violation resulted from the imposition of a probationary split sentence is without merit.

Finally, the Court agrees that Petitioner failed to adequately raise on direct appeal or in previous collateral attacks the claim that his plea was not knowing and voluntary because it did not contain language discussing the 30-year maximum. Because he has thus failed to exhaust this issue, has not demonstrated cause for the failure, and does not demonstrate a fundamental miscarriage of justice, this claim is procedurally barred. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.

2. This action is DISMISSED, and the clerk is directed to close the file.

**DONE AND ORDERED** this  *16th*   day of February, 2007

              *s/Maurice M. Paul*
           Maurice M. Paul, Senior District Judge